IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-30546

_____

UNITED STATES,

Plaintiff-Appellee,

versus

MATTHEW CARROLL,

Defendant-Appellant.

* * * * * * * * * * * * * * * * *

_____

No. 98-30547

_____

UNITED STATES,

Plaintiff-Appellee,

versus

ROBERT RANDALL REINHART,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Western District of Louisiana

_____

September 18, 2000

Before GARWOOD, DUHÉ and BENAVIDES, Circuit Judges.

PER CURIAM:

In these two cases defendants Carroll (our No. 98-30546) and Reinhart (our No. 98-30547), having been jointly indicted and convicted on their guilty pleas of one count of conspiring with each other to sexually exploit children contrary to 18 U.S.C. § 2251(a) and (d), appealed their sentences to this Court. In our September 14, 1999, opinion in both cases, *United States V. Carroll*, 190 F.3d 290 (5th Cir. 1999), we affirmed as to each defendant. As more fully reflected in that opinion, both Carroll and Reinhart contended before the panel that the district court erred in considering for sentencing guidelines purposes their conduct, on separate occasions, with each of two specific minors, "male #1" and "male #3", as each constituting an instance of sexual exploitation of children contrary to section 2251(a) in that they used or induced said minors to engage in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2), for the purpose of producing a visual depiction thereof.[1] The defendants each contended that was error because the facts relied on by the district court did not reflect that either minor engaged in actual or simulated sexually explicit conduct as defined in section 2256(2). The panel unanimously rejected that contention as to male #3, and, by a divided vote, likewise rejected that contention as to male #1. The panel dissent took the position that no section 2251(a)

---

[1]These were the only contentions raised on appeal.

2

exploitation of male #1 was made out because he never engaged in any actual or simulated sexually explicit conduct, but rather only "[a] picture of his face was taken and later-without his knowledge or consent-superimposed on a picture exhibiting the genitals of one not shown to be a minor." *Id*. at 298.

Carroll filed a petition for panel rehearing complaining only of the ruling as to male #1. The panel overruled Carroll's petition for rehearing. He did not file a petition for rehearing en banc. Reinhart filed a petition for rehearing en banc, complaining only of the ruling as to male #1. He did not file a petition for panel rehearing. The Court requested a response from the Government to Reinhart's petition for rehearing en banc. The Government filed a response contending that the panel majority ruling as to male #1 was correct. Thereafter, pursuant to "a poll on the petition for rehearing en banc," the Court ordered No. 98-30547 reheard en banc. *United States v. Reinhart*, 204 F.3d 581 (5th Cir. 2000) (en banc). The panel then issued an order in No. 98-30546 (Carroll) that "recalls the mandate previously issued in this matter pending the outcome of the en banc rehearing in *USA v. Reinhart*."

In Reinhart's en banc brief, filed well after his case was taken en banc, he complained not only of the panel ruling as to male #1, but also of the panel ruling as to male #3. Thereafter, the Government filed its en banc brief in *Reinhart*. It maintained

3

that the panel did not err with respect to male #3.  However, with respect to male #1 the Government confessed error and conceded that resentencing was appropriate.[2]

The en banc court then issued its unanimous per curiam order stating that "in view of the concession of the United States . . . that . . . Reinhart's action in superimposing a photograph of the face of an identifiable minor on an image of a nude body is not conduct proscribed by 18 U.S.C. § 2251(a) and that remand for resentencing is hence appropriate, en banc consideration is no longer required and this case is remanded to the panel." *United*

---

[2]The Government's en banc brief states in relevant part:

"After a thorough and searching review of the plain wording of 18 U.S.C. § 2251(a) and the legislative history addressing it at the time it was enacted, and other pertinent legislative history, the government concedes, that a violation of Section 2251(a) requires that the defendant employ, use, persuade, induce, entice or coerce the minor himself to engage in the actual or simulated sexually explicit conduct for the purpose of producing a visual depiction of the *minor's* sexually explicit conduct.

The government has no evidence that defendant induced minor male #1 to engage in any actual or simulated 'lascivious exhibition of the genitals.'  Without the minor's knowledge, Reinhart manipulated the picture of the minor's face with a computer and superimposed the minor's face on a picture exhibiting the genitals of a person of unknown origin.  Defendant did not induce minor male #1 to engage in any sexually explicit conduct as defined by 18 U.S.C. § 2256(2) for the purpose of producing a visual depiction of that conduct.

For this reason the government concedes that defendant's sentence should be vacated and the case remanded for re-sentencing."

4

*States v. Reinhart*, ___ F.3d ____ (5th Cir. 2000) (en banc).

Reinhart's case (No. 98-30547) is now before this panel pursuant to the remand from the en banc court. Carroll's case (No. 98-30546) is now before this panel pursuant to our referenced prior order recalling the mandate therein. We now take the following action in both of these cases.

We withdraw and vacate all of the following portions of our prior opinion herein (reported at 192 F.3d 290), namely: (1) the last sentence of the first paragraph of the opinion; (2) all of the opinion under the heading "Male #1" (except the first grammatical paragraph thereunder), commencing with the second grammatical paragraph in right hand column on page 293 of 192 F.3d and continuing through the end of the carryover paragraph ending in the left hand column on page 297 of 192 F.3d just before the heading "Male #3;" (3) all of footnotes 5 and 6; and (4) all of the opinion starting with "CONCLUSION" on page 298 and ending with "AFFIRM" on that page. We likewise vacate our prior holding that the district court did not err in its treatment for sentencing purposes of defendants' conduct respecting male #1.

We reinstate all the remainder of our prior opinion, and we likewise reinstate our prior holding that the district court did not err in its treatment for sentencing purposes of defendants' conduct respecting male #3.

In light of the Government's concession of error and the

5

remand order of the en banc court, we vacate the sentences of Reinhart and Carroll and remand those cases to the district court for resentencing consistent with the Government's said concession.

VACATED AND REMANDED